Tammy Hussin, Esq. (Bar No. 155290)
Lemberg Law, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Robert Helton

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

ED CV 14 - 00165 BRO (FFMx)

| | |
|---|---|
| Robert Helton,<br><br>Plaintiff,<br><br>vs.<br><br>Credit Acceptance Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET. SEQ.***<br>**2. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ.***<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Robert Helton, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and violations of Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et, seq.* ("RFDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Robert Helton (hereafter "Plaintiff"), is an adult individual residing in Hemet, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant, Credit Acceptance Corporation ("Credit"), is a business entity with an address of 25505 West Twelve Mile Road, Suite 3000, Southfield, Michigan 48034-8339, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Credit and whose identities are currently unknown to the Plaintiff. One

or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Credit at all times acted by and through one or more of the Collectors.

## FACTS

8. In or around November 2013, Credit began calling Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

9. When Plaintiff answered the phone, Credit used a prerecorded voice instructing Plaintiff to call Credit as soon as possible.

10. In or around the week of December 9, 2013, Plaintiff spoke to Credit and acknowledged that he owed the Debt, but stated that he was without any financial means to pay. Plaintiff advised Credit that the calls were annoying and directed Credit to stop the calls.

11. Thereafter, Credit continued to place calls to Plaintiff on his cellular telephone at an excessive and harassing rate, dialing Plaintiff's number up to six (6) times per day, multiple days per week.

12. The calls caused Plaintiff a great deal of frustration and intruded on his right to be free from unwanted invasions.

13. Plaintiff was ultimately forced to retain the assistance of counsel in an effort to stop the calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

14. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Credit contacted the Plaintiff by means of automatic telephone calls or prerecorded voice on his cellular telephone without his consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Credit continued to place automated calls to Plaintiff after knowing he did not want to be called. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Credit was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Credit to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Credit's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.***

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

24. Credit Acceptance in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

25. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

26. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

27. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

28. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

29. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Actual damages from the Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  January 23, 2014        TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Robert Helton

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Beverly Reid O'Connell_____ and the assigned Magistrate Judge is _____Frederick F. Mumm_____.

The case number on all documents filed with the Court should read as follows:

**EDCV14-00165 BRO (FFMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

                                                    Clerk, U. S. District Court

_____January 27, 2014_____                          By _____L. Murray_____
        Date                                            Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[X] **Western Division**
    312 N. Spring Street, G-8
    Los Angeles, CA 90012

[ ] **Southern Division**
    411 West Fourth St., Ste 1053
    Santa Ana, CA 92701

[ ] **Eastern Division**
    3470 Twelfth Street, Room 134
    Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**